The People v. Kelly, 204 Ill. App. 201.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

DIVORCE, § 106*—*when decree for alimony is too indefinite.* A decree directing the payment as alimony in a suit for divorce of one-half of the husband's weekly earnings, after deducting his car fare, labor union dues, life insurance and such other expenses as were necessarily connected with his employment, *held* erroneous as being too indefinite and uncertain in amount to be enforceable, and the court had no jurisdiction to enter a subsequent order attempting to enforce it.

---

## The People of the State of Illinois, Defendant in Error, v. J. E. Kelly, Plaintiff in Error.

### Gen. No. 22,635.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917.

## Statement of the Case.

Action by the People of the State of Illinois, plaintiff, against J. E. Kelly, defendant, charging him with a violation of section 10 of the Motor Vehicle Law (J. & A. ¶ 10010). From a judgment of conviction on trial by the court without a jury and fine of five dollars, defendant brings error.

FRANK L. CHILDS and BERYL HOWARD CHILDS, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ALEXANDER E. ARKIN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 1*—*what constitutes prima facie case in prosecution for driving at excessive speed.* Where, on a prosecution under section 10 of the Motor Vehicle Law (J. & A. ¶ 10010), the defendant and his witnesses testified he was driving his automobile in a large city at a rate of speed of eighteen to twenty miles an hour, and a police officer testified defendant was driving at the rate of twenty-seven miles an hour, *held* that, disregarding the police officer's testimony, a prima facie case for the prosecution was made out under the statute, providing that the speed of an automobile shall not be greater than is reasonable and proper, and that a speed through a residence portion of a city in excess of fifteen miles an hour shall be prima facie evidence that the speed was greater than was reasonable and proper.

2. AUTOMOBILES AND GARAGES, § 1*—*when evidence sufficient to sustain conviction for driving automobile at excessive speed.* On a prosecution against an automobile owner under the Motor Vehicle Law, sec. 10 (J. & A. ¶ 10010), for driving his automobile on the streets of a large city at an unreasonable and improper speed, in which there was evidence that the traffic was crowded, and the testimony was conflicting as to how much the speed of the car exceeded fifteen miles per hour, evidence *held* sufficient to sustain a conviction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.